# MANDATE

07-0642-cv
Leifer v. New York State Division of Parole

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of August, two thousand ten.

PRESENT:
> PETER W. HALL,
> CHESTER J. STRAUB,
> > *Circuit Judges*,
> RICHARD K. EATON
> > *Judge*.[*]

[Stamp: UNITED STATES COURT OF APPEALS FILED AUG 23 2010 Catherine O'Hagan Wolfe, Clerk SECOND CIRCUIT]

George Leifer,

> > *Plaintiff-Appellant*,

v.                                                    07-0642-cv

New York State Division of Parole and James Dress,
in his official and individual capacity,

> > *Defendants-Appellees*.

FOR APPELLANT:             NATHAN LEWIN, Lewin & Lewin, LLP;
                           Washington, D.C.

---

[*] The Honorable Richard K. Eaton, Judge, United States Court of International Trade, sitting by designation.

| | |
|---|---|
| FOR APPELLEES: | LAURA R. JOHNSON, Assistant Solicitor General for ANDREW M. CUOMO, Attorney General of the State of New York; New York, New York. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sifton, *J.*). **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED in part, VACATED in part, and REMANDED for further proceedings**.

Plaintiff-appellant George Leifer appeals from a grant of summary judgment in favor of the New York State Division of Parole and James Dress, in his official and individual capacity, ("defendants") on his claims of religious-based discrimination and retaliation. *See Leifer v. N.Y. State Div. of Parole*, No. cv-04-571, 2007 WL 203961 (E.D.N.Y. Jan. 24, 2007). Specifically, Leifer challenges, *inter alia*, that part of the judgment that dismissed his claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* ("Title VII"), based on the district court's determination that he failed to present evidence that would permit a rational trier of fact to conclude that (1) defendants failed to provide him with reasonable accommodations for his religious practices, which resulted in an adverse employment action, (2) defendants retaliated against him for engaging in a protected activity, or (3) defendants subjected him to a hostile work environment based on his religion.[1]

We review an award granting summary judgment *de novo*, "construing the facts in the light most favorable to the non-moving party and resolving all ambiguities and drawing all

---

[1] In the district court Leifer also alleged discrimination under a disparate treatment theory. He has failed to advance this argument on appeal, however, and we thus deem it waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) (stating that issues not sufficiently argued in briefs are considered waived).

2

reasonable inferences against the movant." *Redd v. Wright*, 597 F.3d 532, 535 (2d Cir. 2010) (internal quotation marks omitted). A summary judgment motion will not stand "where the evidence is such that a reasonable jury could decide in the non-movant's favor." *United Transp. Union v. Nat'l R.R. Passenger Corp.*, 588 F.3d 805, 809 (2d Cir. 2009) (internal quotation marks omitted). In applying this standard, we assume the parties' familiarity with the underlying facts and the procedural history, which we reference only as necessary to explain our decision.

1. *Reasonable Accommodations*

Upon *de novo* review, we agree with the district court that Leifer's claim of discrimination based upon defendants' failure to accommodate his religious practices fails because there is insufficient evidence showing that Leifer suffered an adverse employment action. *See Baker v. Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006) (stating that plaintiffs who allege discrimination for failure to accommodate must show, *inter alia*, that they suffered an adverse employment action for failure to comply with the employment requirement that conflicted with their religious belief); *Joseph v. Leavitt*, 465 F.3d 87, 90 (2d Cir. 2006) (stating that an adverse employment action is one that materially changes the terms and conditions of employment).

Leifer asserts that in scheduling the mandatory September 19, 2001 meeting on Rosh Hashanah and the mandatory June 6, 2003 training session on Shavuot, defendants forced him to choose between his work and his religious beliefs. Leifer further argues that as a result of his absence from the September 19, 2001 meeting, and his refusal thereafter to work on Jewish holidays, his supervisors "significantly diminished" his authority over the parole officers who

were under his supervision and denied him training necessary to perform his job. *See Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004) ("Examples of materially adverse employment actions include . . . significantly diminished material responsibilities, or other indices . . . unique to a particular situation.") (internal quotation marks omitted). Leifer presented no evidence, however, to demonstrate that his absence from either of the two meetings resulted in a "materially adverse change in the terms and conditions of [his] employment." *Joseph*, 465 F.3d at 91. Nor does the record contain any evidence that, by his missing the September 19 meeting, Leifer's terms and conditions of employment changed in any material manner. There is also no evidence that Leifer's failure to receive training on the new drug testing machine in 2003, which he missed because he observed the holiday of Shavuot, significantly altered his supervisory duties. *See Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003) (finding that an adverse change must be "more disruptive than a mere inconvenience or an alteration of job responsibilities" (internal quotation marks omitted)). Moreover, defendants granted Leifer permission to miss the "mandatory" meetings on account of the Jewish holidays, thereby satisfying the requirement that they provide reasonable accommodations for religious observances. *See Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) ("[T]o avoid Title VII liability, the employer need not offer the accommodation the employee prefers. Instead, when any reasonable accommodation is provided, the statutory inquiry ends.").

Because the record presents no evidence from which a jury could reasonably conclude that defendants failed to provide reasonable accommodations for religious practices, the district court's order granting summary judgment in favor of defendants with respect to this claim is affirmed.

4

2. *Retaliation*

To establish a *prima facie* case of retaliation, Leifer must show: (1) participation in a protected activity known to defendants; (2) an employment action that disadvantaged him; and (3) a causal connection between the protected activity and the adverse employment action. *Richardson v. Comm'n on Human Rights & Opportunities*, 532 F.3d 114, 123 (2d Cir. 2008). Once Leifer establishes *prima facie* retaliation, the burden shifts to the defendants to proffer a "legitimate, nonretaliatory reason for the challenged employment decision," whereupon the burden shifts back to Leifer to demonstrate that defendants' rationale is "merely a pretext for [the] impermissible retaliation." *Cifra v. G.E. Co.*, 252 F.3d 205, 216 (2d Cir. 2001).

Upon *de novo* review, we agree with the district court that the evidence Leifer provided was insufficient as a matter of law to demonstrate that he suffered an adverse employment action after he complained about the scheduling of the September 19, 2001 meeting on Rosh Hashanah. Additionally, defendants offered legitimate, nonretaliatory reasons to support each of their actions of which Leifer complained, and Leifer's evidence does not demonstrate that there is a genuine question of fact as to whether the explanations proffered by defendants were pretextual. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000) (stating that "an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision"); *Scaria v. Rubin*, 117 F.3d 652, 655 (2d Cir. 1997) (affirming summary judgment in favor of defendant where "there is nothing in the facts from which a reasonable finder of fact could imply pretext masking unlawful discrimination").

Leifer asserts that the district court erred by failing to take into account the Supreme Court's decision in *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), which held that in a retaliation action, the plaintiff must show that "a reasonable employee would have found the challenged action materially adverse," *i.e.*, "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." 548 U.S. at 68 (internal quotation marks omitted). Specifically, Leifer argues that being reprimanded by defendant Dress for having sent the memorandum notifying Dress of the scheduling conflict with the September 19 meeting constituted a "materially adverse" action that would deter a "reasonable employee" from making a similar complaint. *Id.*; *see Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 226 (2d Cir. 2006) (stating that a reprimand may constitute an adverse employment action). While it is true that the district court should have considered *Burlington Northern*'s application to Leifer's retaliation claim, we do so now and reach the same ultimate conclusion as did the district court. Defendants maintain, and we agree, that Dress's verbal reprimand was prompted by the confrontational manner in which Leifer chose to voice his objection to the meeting scheduled for Rosh Hashanah; Dress's reprimand was not in response to the objection itself. Furthermore, the reprimand did not result in a "materially adverse" employment action that would "dissuade[] a reasonable worker from making . . . a charge of discrimination." *Burlington Northern*, 548 U.S. at 68; *see Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010) ("Petty slights or minor annoyances . . . do not constitute actionable retaliation." (internal quotation marks and citations omitted)). Leifer argues that the counseling memorandum he was issued constituted a materially adverse employment action. That memorandum, however, was not issued until nearly four months after Leifer complained about

the September 19 meeting, and, because it was subsequently withdrawn, it cannot be deemed an adverse employment action. We thus affirm the district court's order granting summary judgment in favor of defendants with respect to Leifer's retaliation claim.

3. *Hostile Work Environment*

In order to survive a summary judgment motion with respect to a claim of a hostile work environment, Leifer must provide sufficient evidence to create a genuine question of fact as to whether "[his] workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of [his] employment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks and citation omitted). The hostility or harassment must be on account of his religion, and his employer must be responsible for the discriminatory conduct. *See Gregory v. Daly*, 243 F.3d 687, 692 & n.3 (2d Cir. 2001). While there is no bright-line test as to the type of conduct that is required to give rise to a hostile work environment claim against an employer, we consider the following factors, which are not exclusive: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 22-23.

Examining the evidence in the light most favorable to Leifer, we disagree with the district court's determination that the evidence Leifer presents concerning interactions with his supervisors do not express "hatred, contempt, or hostility," so as to create a hostile work environment. *Leifer*, 2007 WL 203961, at *8. When viewed individually each of the discriminatory actions for which Leifer provides evidence may not allow a reasonable trier of

fact to conclude based on that act alone that Leifer was subjected to a hostile work environment. When viewed *in toto*, however, drawing all reasonable inferences in Leifer's favor, there is a genuine issue of fact whether the acts in question had an adverse effect on, or altered the conditions of, Leifer's employment. *See Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 227 (2d Cir. 2004) ("The matter of whether the conduct alleged was so severe or pervasive as to create an objectively hostile or abusive work environment is to be decided based on the totality of the circumstances." (internal quotation marks omitted)).[2]

Defendants assert that the incidents in question were neither explicitly anti-Jewish, nor did they give rise to a workplace "permeated with 'discriminatory intimidation, ridicule and insult' that [was] 'sufficiently severe or pervasive to alter the conditions of [Leifer's] employment.'" *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000) (quoting *Harris*, 510 U.S. at 21). While Leifer's workplace may not have been *permeated* with discriminatory insults, the true test to determine whether an employee has been subjected to a hostile work environment is "whether the harassment is of such a quality or quantity that a reasonable employee would find the conditions of [his] employment *altered for the worse*." *Feingold*, 366 F.3d at 150 (internal quotation marks omitted) (emphasis in the original). Leifer presents evidence of six interactions with his supervisors over a three-year period which implicate his religion. Viewing Leifer's evidence in the light most favorable to him, a reasonable jury could

---

[2] In this analysis we consider the following evidence: (1) Dress's statement that Jewish laws and customs were not binding on him and that he would not reschedule meetings because of Jewish holidays; (2) Dress's statement that "you are not like the rest of us . . . . You are like Saddam Hussein"; (3) the failure to apprehend the individual responsible for defacing Leifer's wedding photo; (4) Oeser's refusal to grant Leifer an extended lunch hour during Passover; (5) Hoy's directive that Leifer remove pictures from his wall displaying political figures near Menorahs; and (6) Hoy's statement about filing false complaints of anti-Semitism.

find the interactions to be sufficiently hostile to have altered his employment conditions for the worse.

To support their argument to the contrary, defendants cite two cases in which this Court affirmed a district court's award of summary judgment on the grounds that the harassment was not frequent or severe enough to constitute sufficient proof of a hostile work environment. *See Alfano v. Costello*, 294 F.3d 365, 380 (2d Cir. 2002) (holding that five alleged incidents in four years were "too few, too separate in time, and too mild . . . to create an abusive working environment"); *Shabat v. Blue Cross Blue Shield of Rochester Area*, 925 F. Supp. 977, 982 (W.D.N.Y. 1996), *aff'd sub nom. Shabat v. Billotti*, 108 F.3d 1370 (2d Cir. 1997) (affirming summary judgment in favor of defendants despite the fact that plaintiff alleged nine anti-Semitic or anti-Israeli incidents over a three-and-a-half-year period). While the facts of these cases may be of some guidance, the frequency and severity of harassment demonstrated in prior cases does not mandate a specific level of harassment that future plaintiffs must demonstrate to avoid summary judgment against them. *See Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 606 (2d Cir. 2006) ("Prior cases in which we have concluded that a reasonable juror could find that the work environment was objectively hostile do not establish a baseline that subsequent plaintiffs must reach in order to prevail." (internal quotation marks and citation omitted)). On the record presented in this case we conclude that Leifer has proffered sufficient evidence to establish a genuine issue of material fact concerning his hostile work environment claim, and that claim should be presented to a jury. *See, e.g., Patterson*, 375 F.3d at 227 ("Where reasonable jurors could disagree as to whether alleged incidents of . . . harassment would have adversely altered the working conditions of a reasonable employee, the issue of whether a hostile

9

work environment existed may not properly be decided as a matter of law."); *see also Schiano*, 445 F.3d at 605 ("[H]ostile work environment claims present mixed questions of law and fact that are especially well-suited for jury determination." (internal quotation marks omitted))

The district court's grant of summary judgment in favor of defendants with respect to Leifer's hostile work environment claim was error. We thus vacate that part of the summary judgment dismissing Leifer's hostile work environment claim and remand this case to the district court for further proceedings consistent with this order.

We have considered Leifer's remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit